**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
DIAGNE,

                        Plaintiff,

    -v-
                                        MEMORANDUM DECISION
                                          AND ORDER
NEW YORK LIFE INSURANCE COMPANY,      09 Civ. 5157 (GBD)(GWG)

                        Defendant.

------------------------------------x
GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Amadou Diagne brings this claim against his former employer New York Life Insurance Company ("NYLIC") alleging that NYLIC discriminated against him on the basis of his race, religion and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101 et seq. ("NYCHRL"). Specifically, he alleges that Defendant failed to promote him, terminated him on the basis of his race, religion, and national origin, or in retaliation for complaining to a NYLIC employee and that NYLIC subjected him to a hostile work environment. NYLIC moved for summary judgment on all claims contending that this Court lacked subject matter jurisdiction over Plaintiff's New York City and New York State discrimination claims under the election of remedies doctrine, and that no reasonable jury could find that Defendant retaliated against Plaintiff or that Defendant created a hostile work environment.

    This Court referred the matter to Magistrate Judge Gabriel Gorenstein for a Report and Recommendation. Magistrate Judge Gorenstein issued a Report and Recommendation

("Report") recommending Defendant's motion should be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff requested and received an extension of time to respond to the report. However, Plaintiff failed to object to the Report.

Magistrate Judge Gorenstein properly concluded that Plaintiff's NYSHRL and NYCHRL claims were barred by the election of remedies doctrine. Under New York state law, a claim "once brought before the [New York State Division of Human Rights], may not be brought again as a plenary action in another court." York v. Association of Bar of City of New York, 286 F.3d

2

122, 127 (2d Cir. 2002) (citing Moodie v. Federal Reserve Bank of New York, 58 F.3d 879, 882 (2d Cir. 1995)). The only exception to this rule is when the agency dismisses the claim for administrative convenience rather than dismissing for a lack of probable cause. See Anatsui v. Food Emporium, 2000 WL 1239068 at *5 (S.D.N.Y. 2000). Because the New York State Division of Human Rights dismissed for a lack of probable cause Plaintiff's claims for discrimination on the basis of race and religion under New York State and New York City law, this Court does not have subject matter jurisdiction over these claims. See Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 883-84 (2d Cir. 1995). Therefore, these claims must be dismissed.

Further, Magistrate Judge Gorenstein properly concluded that Defendant was entitled to summary judgment on Plaintiff's claims for illegal termination on the basis of race and religion. Under McDonnell Douglas, if an employer articulates a non-discriminatory reason for its actions the "presumption [of establishing a prima facie case] completely drops out of the picture." James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000) (citing to St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519, 524 (1993)). In such cases, the employer is entitled to summary judgment "unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." Id. Magistrate Judge Gorenstein properly concluded that Defendant articulated a facially neutral reason for Plaintiff's termination given that Plaintiff received numerous written and oral reprimands for his job performance over the course of 2006. He also properly concluded that Plaintiff failed to proffer any evidence supporting his claim for discrimination on the basis of race and religion. Therefore, summary judgment on these claims is appropriate.

On his failure to promote claim, Magistrate Judge Gorenstein properly concluded that Plaintiff failed to make out a prima facie case. To establish a prima facie case for failure to

promote, a Plaintiff must show: "(1) []he is a member of a protected class; (2) []he applied and was qualified for a job for which the employer was seeking applicants; (3) []he suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." Williams v. R.H. Connelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004) (citing to McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)) (Sotomayor, J). Plaintiff failed to submit any evidence establishing an inference of discrimination or that he was qualified and applied for a job for which the employer was seeking applicants. Therefore, no reasonable jury could conclude that the evidence was sufficient to show that NYLIC failed to promote him because of his race, religion, or national origin and summary judgment is appropriate. See Victory v. Hewlett-Packard Co., 34 F. Supp. 2d 809, 819 (E.D.N.Y. 1999).

In order to defeat summary judgment on a retaliation claim, Plaintiff must present sufficient evidence: "[1] that []he "engaged in protected participation or opposition under Title VII, [2] that the employer was aware of this activity, [3] that the employer took adverse action against the plaintiff, and [4] that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." Cifra v. G.E. Co., 252 F.3d 205, 216 (2d Cir. 2001) (citing to Sumner v. United States Postal Service, 899 F.2d 203, 208-09 (2d Cir. 1990). There are no articulable facts nor temporal proximity on which to conclude a retaliatory motive. As with the other claims, Plaintiff's submissions are devoid of any evidence sufficient to meet the prima facie elements of a retaliation claim. Therefore, Defendant is entitled to summary judgment.

As to defendant's hostile work environment claim, the Magistrate Judge properly concluded that Plaintiff's allegation of the one time use of a racial slur is insufficient to establish such a claim. See Williams v. County of Westchester, 171 F.3d 98, 100-01 (2d Cir. 1999)

4

(finding that "isolated racial remarks do not satisfy plaintiff's burden of establishing a prima facie case" and that there "must be a steady barrage of opprobrious racial comments."). Even under the broader NYSHRL, "summary judgment [is] still . . . available where [the defendant] can prove the alleged discriminatory conduct in question . . . could only be reasonable interpreted by the trier of fact as representing no more than petty slights or trivial inconveniences." Williams v. New York City Housing Authority, 61 A.D.3d 62, 80 (1st Dep't 2009); see also Citroner v. Progressive Cas. Ins. Co., 208 F. Supp. 2d 328 (E.D.N.Y. 2002) (finding that one use of a racial slur against a Hispanic-American was not sufficient to constitute a hostile work environment under either Title VII or New York law). Given the isolated nature of the alleged incident and the dearth of evidence supporting it, summary judgment is appropriate on this claim. Id. Therefore, Plaintiff's claim for a hostile work environment fails as a matter of law and must be dismissed. See Williams, 171 F3d at 100.

## Conclusion

This Court adopts the Report & Recommendation. Defendant's motion for summary judgement is granted. Plaintiff's complaint is dismissed.

Dated: January 21, 2011
      New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge